**Jose BARRON–PALOMARES,
Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

Nos. 04–73548, 04–75407.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 27, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Martin Resendez Guajardo, Esq., Law Office of Martin Resendez Guajardo, a Professional Corporation, San Francisco, CA, for Petitioner.

Western Region Immigration & Naturalization Service, Laguna Niguel, CA, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

## MEMORANDUM **

Jose Barron–Palomares, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") June 17, 2004 order summarily affirming an immigration judge's ("IJ") decision denying cancellation of removal (No. 04–73548), and the BIA's September 30, 2004 order denying his motion to reconsider its earlier decision (No. 04–75407). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review the denial of a motion to reconsider for abuse of discretion and we review de novo due process claims. *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002). We dismiss in part, deny in part and grant in part the petition for review in No. 04–73548, and

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

deny the petition for review in No. 04–75407.

█ We lack jurisdiction to review the IJ's discretionary determination that Barron–Palomares failed to establish the requisite exceptional and extremely unusual hardship to his United States citizen children, and is therefore ineligible for cancellation of removal. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005).

█ Barron–Palomares's contention that the IJ violated due process by relying on evidence not in the record and by not allowing him to rebut such evidence is unavailing. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (recognizing that due process claims require showing that proceedings were "so fundamentally unfair that [he] was prevented from reasonably presenting his case.").

█ The IJ granted voluntary departure for a 60–day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the agency for further proceedings regarding voluntary departure.

The BIA did not abuse its discretion in denying Barron–Palomares's motion to reconsider because Barron–Palomares failed to identify any errors of law or fact in the BIA's previous order. *See* 8 C.F.R. § 1003.2(b)(1).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part;**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

**GRANTED in part and REMANDED in No. 04–73548.**

**PETITION FOR REVIEW DENIED in No. 04–75407.**